Jason M. Ingber (SBN 318323)
Serach B. Shafa (SBN 358332)
**INGBER LAW GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, CA 90010
Telephone: (213) 805-8373
E-mail: ji@jasoningber.com
E-mail: ss@jasoningber.com

Attorneys for Plaintiffs
Deborah Alvarez, Aminah Kamran

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Alvarez and Aminah Kamran<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., and Does 1-5, inclusive<br><br>Defendants. | CASE NO. 2:25-cv-09542<br><br>**DECLARATION OF JASON M INGBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

- 1 -

## DECLARATION OF JASON M INGBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1.      I am an attorney duly licensed to practice law in the State of California and before this Court. I am counsel of record for Plaintiffs Aminah Kamran, and Deborah Alvarez, in this action. I submit this declaration in support of Plaintiffs' Opposition to Defendant Toyota Motor Sales, U.S.A., Inc.'s Motion to Dismiss the First Amended Complaint. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      On January 15, 2026, Defendant's counsel Jessica Shook of King & Spalding LLP emailed me and my partner Serach Shafa requesting a Local Rule 7-3 conference. A true and correct copy of the email chain documenting the parties' meet-and-confer efforts, spanning January 15 through January 21, 2026, is attached hereto as Exhibit A.

3.      From the outset of our conferral, I and my co-counsel made clear that Plaintiffs were prepared to amend the pleadings to narrow or eliminate issues raised in Defendant's anticipated motion. On January 19, 2026, I emailed Ms. Shook and her co-counsel Madison Kitchens stating that Plaintiffs "can amend the complaint in most respects that you raise" and specifically identified our ability to address overlapping plaintiffs, add new material allegations regarding Toyota's pre-purchase knowledge, and provide additional detail concerning repair attempts. I further requested that Defendant identify which specific plaintiffs it contended failed to plead presentment, offering to cure any identified deficiencies.

4.      Rather than engage in a substantive discussion regarding how Plaintiffs could amend to streamline the issues, Defendant's counsel took the position that Toyota would file its motion on January 23, 2026 regardless of any amendments Plaintiffs

DECLARATION OF JASON M INGBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

offered. On January 21, 2026, during the Rule 7-3 telephone conference, Mr. Kitchens stated unequivocally that Toyota intended to file its motion that Friday and would not consent to any amendments without first seeing them while simultaneously refusing to engage in a discussion of what those amendments would entail or to identify with specificity the deficiencies Plaintiffs could cure.

5.      Defendant's motion accuses Plaintiffs of improper "claim-splitting" and "forum shopping" for pursuing relief in this federal action while also named in a state court action ZACHARY GRAHAM, et al. vs TOYOTA MOTOR SALES, U.S.A., INC., et al. LA Superior Case Number 24STCV31350. Mot. at 6-8. This accusation omits material context regarding the procedural paralysis that prevented the Graham plaintiffs from obtaining any relief in state court for over 15 months.

6.      The *Graham* complaint was filed on November 25, 2024, in Los Angeles Superior Court. Within weeks, without plaintiffs' designation, the case was determined to be complex litigation and placed on an indefinite track with no scheduled hearings, no case management conference, and no judicial officer actively managing the proceedings in Los Angeles Superior Court complex litigation. The case was effectively stayed from its inception, not by stipulation or court order, but by institutional inertia inherent in Los Angeles Superior Court complex litigation local rules.

7.      The Graham action was assigned to the Honorable Stuart M. Rice, and after a preliminary case management conference that did not lift the stay on the case, on June 24, 2025, Judge Rice retired. The case then sat without an assigned judicial. The *Graham* plaintiffs—including individuals whose Toyota Mirai vehicles had suffered catastrophic propulsion failures on freeways, unintended acceleration events, and life-threatening braking malfunctions—had no forum in which to seek relief.

8.      During this period—from June 24, 2025, through late 2025—my clients repeatedly contacted my office expressing frustration and fear. Ms. Kamran's vehicle

- 3 -
DECLARATION OF JASON M INGBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT

had lost all power on Interstate 5 and remained inoperable for nearly two months while TMCC continued demanding monthly payments. Ms. Alvarez's vehicle had suffered complete battery failure less than one month after purchase, and she was facing neck spasms from frozen hydrogen nozzles. The state court provided no path forward. There was no hearing to calendar, and no mechanism to lift the stay. The case was, for all practical purposes, dead in the water.

9.      It was against this backdrop, not forum shopping, but forum necessity, that my office made the strategic decision to file the original complaint in this Court on October 7, 2025. The federal court offered what the state court could not: an immediately accessible forum, an active docket, and a judge capable of providing case management. The decision was driven by my obligation to pursue relief for clients with urgent safety concerns and mounting financial harm, not by any improper tactical motive.

10.      On October 29, 2025, the Graham action was reassigned to a new judge who scheduled a case management conference and began providing the direction and momentum that had been absent for over a year. As of January 2026, the *Graham* case is active, moving forward, and capable of providing relief to the plaintiffs proceeding there. That is precisely why Plaintiffs immediately offered to dismiss all overlapping plaintiffs from this federal action once the state forum became functional.

11.      On January 21, 2026, I informed Defendant's counsel that I would obtain authority from Dennis Eaton, Enrique Reyes, Nicholas Spruck, Wendy Davis, and Robert Davis to dismiss their claims from this federal action and proceed solely in the now-active *Graham* action. I did so. The dismissals filed contemporaneously with this opposition effectuates that narrowing. There was never any improper duplication; only a temporary necessity to provide clients with an accessible forum while the state court was, through no fault of the parties, unavailable.

- 4 -
DECLARATION OF JASON M INGBER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

12.     During the January 21 conference, I expressly informed Mr. Kitchens that Plaintiffs were prepared to narrow the case significantly – as we had done since the inception of this action. I stated that I would obtain authority from Plaintiffs Enrique Reyes, Nicholas Spruck, and Dennis Eaton to dismiss their claims in this federal forum and proceed only in the Graham state court action. I further stated that I would obtain authority from Plaintiffs Wendy Davis and Robert Davis to proceed solely in state court. I explained that these steps would reduce the plaintiff roster in this action from seven to two—Aminah Kamran and Deborah Alvarez—and would entirely moot Defendant's claim-splitting and *Colorado River* abstention arguments.

13.     Mr. Kitchens responded that this proposed narrowing was "problematic" because the Graham action was "first-filed." He did not identify any prejudice to Toyota from Plaintiffs' proposed voluntary dismissal of five plaintiffs from this federal action. He did not dispute that the narrowing would eliminate Defendant's procedural objections. Instead, he stated that Toyota would proceed with filing its motion as scheduled.

14.     Immediately following the January 21 conference, I emailed Mr. Kitchens confirming my commitment to obtain dismissal authority from the five overlapping plaintiffs. I stated: "I will provide finality on plaintiffs in this federal action by tomorrow before COB." I subsequently obtained that authority and, on January 22, 2026, directed my staff to prepare a dismissal of Plaintiffs Reyes, Spruck, Eaton, Wendy Davis, and Robert Davis from this action.

15.     Despite Plaintiffs' good-faith efforts to streamline this litigation and eliminate every procedural objection raised in Defendant's motion, Toyota filed its Motion to Dismiss on January 23, 2026—as scheduled—devoting eleven pages of its memorandum to arguments regarding claim-splitting, serial litigation, and duplicative proceedings that Plaintiffs had already agreed to render moot. At no point during the January 21 conference did Defendant's counsel indicate that Plaintiffs' narrowing

- 5 -

proposal was insufficient or that Toyota would withdraw or narrow its motion if Plaintiffs followed through. To the contrary, Defendant's counsel made clear that the motion would be filed regardless.

16.    Defendant's motion states that Plaintiffs' counsel engaged in "repeated attempts to confer" and that a conference took place "to accommodate Plaintiffs' counsel's schedule." Mot. at 3. This characterization omits the material fact that Plaintiffs repeatedly offered to amend and narrow the case in response to Defendant's stated arguments, and that Defendant repeatedly declined to engage substantively with those offers. Plaintiffs sought to avoid unnecessary motion practice. Toyota insisted on it.

17.    Because Defendant refused to withdraw or narrow its motion despite Plaintiffs' commitments, Plaintiffs have been forced to respond to a motion attacking a complaint that no longer reflects the scope of this litigation. Plaintiffs have proceeded with their narrowing efforts unilaterally. The meet and confer effort was not real or in the spirit of the local rule that requires it.

18.    Defendant's refusal to engage in meaningful conferral and its insistence on filing a full-scope motion after being notified that five of seven plaintiffs would be dismissed has wasted judicial resources and imposed unnecessary burdens on Plaintiffs and this Court. The claim-splitting and abstention arguments that consume substantial portions of Defendant's memorandum could have been resolved by a two-page stipulation. Toyota chose motion practice.

19.    Following the filing of Toyota's motion, my office contacted Defendant's counsel on February 2, 2026, to request that Toyota withdraw or narrow its motion in light of the filed stipulation dismissing five plaintiffs. Defendant's counsel declined, stating that Toyota intended to proceed with its motion as briefed.

20.    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

- 6 -

Executed on this 12th day of February 2026.

 /s/ Jason Ingber

**Jason M. Ingber, Esq.**

- 7 -

# EXHIBIT A

 Outlook

---

### Re: Kamran - Rule 7-3 conferral

**From** Jason Ingber <ji@jasoningber.com>

**Date** Wed 1/21/2026 4:12 PM

**To** Madison Kitchens <MKitchens@kslaw.com>

**Cc** Serach Shafa <SS@jasoningber.com>; Jessica Shook <JShook@kslaw.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com <paralegals@jasoningber.com>

📎 1 attachment (6 KB)

image001.png;

What do you mean? Nothing to discuss ? We're discussing.

I have authority from Enrique Reyes Nicolas Spruck and Dennis Eaton to dismiss their claims in this forum. As you know from our attempts to settle with your client pre-suit there are a tremendous amount of individual cases we are handling. I will get authority from both Davis plaintiffs to proceed only in the state court action and we can stick with the two original plaintiffs from the complaint as initially filed.

Nothing prejudice is you from Working with us to get as narrow of claims as possible on file so as to not swell the court with unnecessary motion, practice on including issues that can be worked out jointly.

That's the purpose of rule 7-3 that governs motion practice in the central District of California.

Like I said, I'll report back to you with confirmation from all plaintiffs moving forward. The claims continue to narrow with each iteration of the pleadings. None of this is prejudicial to your client. I'll draft a proposed pleading for your review by tomorrow to hopefully preclude at least some issues we don't need resolved on motion with the court.

On Wed, Jan 21, 2026 at 4:04 PM Madison Kitchens <MKitchens@kslaw.com> wrote:

> Serach:
>
> To clarify, as I indicated on our call, we were happy to discuss with you any of the arguments raised in our motion to dismiss, which we previewed for you in our email exchange on Monday. You raised the overlapping plaintiffs issue and stated that Plaintiffs would dismiss those plaintiffs from the state court action (the first-filed action), rather than the federal action. I explained why this proposed solution was problematic and, based on your co-counsel's email below, there may now be agreement on that point.
>
> You further indicated your belief that the other issues we intend to raise in our motion to dismiss could be addressed through an amendment, though you did not specify how. I explained that you have already exhausted your amendment as of right and, in any event, we could not consent to any further amendments without seeing what those amendments would be. We are happy to confer with Plaintiffs in the event they seek leave to amend, but in the meantime our deadline to file Toyota's response to the operative complaint is Friday. We offered the opportunity to discuss any further issues, but you stated there was nothing further to discuss as to the motion to dismiss.

Madison

**From:** Jason Ingber <ji@jasoningber.com>
**Sent:** Wednesday, January 21, 2026 6:08 PM
**To:** Serach Shafa <SS@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>
**Cc:** Jessica Shook <JShook@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
**Subject:** Re: Kamran - Rule 7-3 conferral

---

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

---

Madison, I hear you on the forum shopping; they indeed filed first in state court. I'll ask for authority from Dennis Eaton, Enrique Reyes, and Nicholas Spruck to remain in the state case and not be named in this case. We might have a sticking point with the Davis's; as Wendy Davis has stronger claims against Toyota than her spouse.

I will provide finality on plaintiffs in this federal action by tomorrow before COB.

---

**From:** Serach Shafa <SS@jasoningber.com>
**Sent:** Wednesday, January 21, 2026 2:47 PM
**To:** Madison Kitchens <MKitchens@kslaw.com>
**Cc:** ji <ji@jasoningber.com>; Jessica Shook <JShook@kslaw.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com <paralegals@jasoningber.com>
**Subject:** Re: Kamran - Rule 7-3 conferral

Madison,

Restating what I said on our call: we do not view today's call as a proper LR 7-3 conference. I explained we could cure or narrow several of the issues you raised through amendment and clarification. Your position was that, regardless of any discussion, Toyota intends to file its motion this Friday.

On the "claim-splitting" point: *Graham* is a mass action involving approximately 600 individuals, whereas this case involves five different plaintiffs. These plaintiffs are entitled to seek relief in this action and are not required to participate in a mass action.

Serach Shafa

*Partner*

**Ingber Law Group**

(213) 232-7916 | SS@jasoningber.com

*Confidentiality Notice: This email and any attachments may contain confidential or privileged information intended only for the recipient. If you are not the intended recipient, please delete the message and notify the sender. Any unauthorized review, use, or distribution is prohibited. Thank you.*

*Paperless Policy: Ingber Law Group operates a paperless office. Please send all correspondence and documents electronically to ji@jasoningber.com and ss@jasoningber.com.*

On Mon, Jan 19, 2026 at 10:55 AM Madison Kitchens <MKitchens@kslaw.com> wrote:

> As to your question concerning the specific plaintiffs in point #2 below, we are moving on all plaintiffs (i.e., no plaintiff alleges they presented their vehicle for repair and were refused a repair under the governing warranty). We can address any further questions on Wednesday's call.
>
> ---
>
> **From:** Jason Ingber <ji@jasoningber.com>
> **Sent:** Monday, January 19, 2026 1:38 PM
> **To:** Madison Kitchens <MKitchens@KSLAW.com>
> **Cc:** Jessica Shook <JShook@KSLAW.com>; Serach Shafa <ss@jasoningber.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
> **Subject:** Re: Kamran - Rule 7-3 conferral
>
> | CAUTION: MAIL FROM OUTSIDE THE FIRM |
> | --- |
>
> That Graham case was filed 15 months ago and stayed the entire time until last week Thursday. We were ordered to amend the pleadings in the Graham case; thank you so much for bringing that to our attention: Robert Davis, Dennis Eaton, Enrique Reyes, and Nicholas Spruck are not in the mass action Graham case on a going forward basis.
>
> We can amend the complaint in most respects that you raise however not in one as I see this will be a legal issue we won't agree on: the used car issue to be excluded from Song Beverly. We can raise that to the judge by a joint motion.
>
> We have new material allegations for the complaint brought by Plaintiffs: an October 2019 letter from Toyota to all customers about hydrogen fuel shortage for 9 months and loan forbearance (knowledge the vehicle is not fit for ordinary use); and that the uniform warranty for the Mirai requires use of stations that follow a Toyota built fueling protocol, which the vehicle triggers impartial fueling events since 2012.
>
> Both of these factual allegations ameliorate your points 4-11, and we have recently discovered other pre-sale knowledge by Toyota (the stratos fuel experiment).

As to the repairs (your point number 2) for some plaintiffs we state specific repairs and maintenance events on their vehicles. Can you please identify which specific plaintiffs, or do you in fact contend that all plaintiffs fail to state such a claim?

On Mon, Jan 19, 2026 at 10:20 AM Madison Kitchens <MKitchens@kslaw.com> wrote:

> The Plaintiffs are Robert Davis, Dennis Eaton, Enrique Reyes, and Nicholas Spruck and the action is *Graham et al. v. Toyota Motor Sales, U.S.A., Inc. et al.*, No. 24STCV31350 (Super. Ct. Los Angeles Cnty.).
>
> ---
>
> **From:** Jason Ingber <ji@jasoningber.com>
> **Sent:** Monday, January 19, 2026 1:17 PM
> **To:** Jessica Shook <JShook@KSLAW.com>
> **Cc:** Serach Shafa <SS@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
> **Subject:** Re: Kamran - Rule 7-3 conferral
>
> ┌─────────────────────────────────────────────┐
> │ **CAUTION: MAIL FROM OUTSIDE THE FIRM** │
> └─────────────────────────────────────────────┘
>
> Can you please identify the people with overlapping claims elsewhere by name so we can assess your first point and determine if any plaintiffs have an overlapping legal action.
>
> On Mon, Jan 19, 2026 at 9:15 AM Jessica Shook <JShook@kslaw.com> wrote:
>
>> Jason,
>>
>> Per your request, below is an outline of our arguments.  As Rule 7-3 requires a conferral by telephone at minimum, I will also move the invitation for the call to Wednesday at 1:30 pm PT.
>>
>> 1.    Plaintiffs' Complaint should be dismissed for impermissible claim-splitting and abusive serial litigation tactics or, at a minimum, the Court should abstain from adjudicating certain Plaintiffs' claims who have brought substantially similar claims in California state court.
>>
>> 2.    Plaintiffs' express warranty claims in Counts I and V should be dismissed with prejudice due to their failure to adequately allege they presented their vehicles for repair, as required by the terms of their vehicles' warranties and the Song-Beverly Act.
>>
>> 3.    Plaintiffs Kamran's, Alvarez's, Eaton's, Spruck's, and Reyes's express warranty claims in Count I and Count V should be dismissed due their failure to allege that the purported defects occurred within the applicable term of their vehicles' express warranties.
>>
>> 4.    Plaintiffs' express warranty claims in Counts I and V should be dismissed due to their failure to allege that Toyota extended any additional cognizable express warranties.

5.    Plaintiffs' implied warranty claims in Counts I and VI should be dismissed due to Plaintiffs' allegations that they purchased their vehicles from parties other than Toyota, meaning Plaintiffs lack the requisite privity for their implied warranty claims.

6.    Plaintiffs Alvarez's, Eaton's, and Spruck's implied warranty claims in Count I should be dismissed due to their allegation that they purchased their cars used, meaning their vehicles are not "new motor vehicles" for purposes of the Song-Beverly Act.

7.    Plaintiffs Reyes's and Kamran's implied warranty claims in Counts I and VI should be dismissed due to Plaintiffs' allegations that fail to show their vehicles were unmerchantable.

8.    Plaintiffs' Magnuson-Moss claims in Count VII should be dismissed due to Plaintiffs' failure to adequately allege a breach of express or implied warranty.

9.    Plaintiffs' fraudulent concealment claims in Counts II and III should be dismissed for failing to adequately plead facts that establish Toyota's knowledge of the allegedly concealed defects before Plaintiffs purchased their vehicles, active concealment, or partial representations.

10. Plaintiffs' negligent misrepresentation claim in Count IV should be dismissed due to Plaintiffs' allegations that they suffered only economic injuries, barring them from recovery under the economic loss rule.

11. Plaintiffs' misrepresentation-based claims in Counts II and IV should be dismissed due to Plaintiffs' failure to plead any actionable statement that Toyota knew or should have known was false at the time it was made.

1.


Jessica


---

**From:** Jason Ingber <ji@jasoningber.com>
**Sent:** Monday, January 19, 2026 10:51 AM
**To:** Jessica Shook <JShook@KSLAW.com>
**Cc:** Serach Shafa <SS@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
**Subject:** Re: Kamran - Rule 7-3 conferral


> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Can you please outline your position writing so that any call that we do have and when we have it, it will go faster.


If you outline your position in writing That will also give us an opportunity to know if we can amend the pleading to narrow issues. You wanna raise on a motion.


On Mon, Jan 19, 2026 at 8:07 AM Jessica Shook <JShook@kslaw.com> wrote:

Serach,

As you are aware, the Rule 7-3 conferral is supposed to occur 7 days prior to filing the motion and our motion to dismiss is due this Friday. We agreed to have the call today to accommodate your schedule.

Would it be possible to just have a phone call today?  We can keep it brief while also outlining the arguments we are raising in the motion.

If not, then I will send an invite for Wednesday at 1:30 pm PT.

Thank you,

Jessica

---

**From:** Serach Shafa <SS@jasoningber.com>
**Sent:** Monday, January 19, 2026 9:48 AM
**To:** Jessica Shook <JShook@KSLAW.com>
**Cc:** ji <ji@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
**Subject:** Re: Kamran - Rule 7-3 conferral

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Jessica,

I forgot it's a court holiday today and I'll be out of office. I'm available on Wednesday after 12:30.

Serach Shafa

*Partner*

**Ingber Law Group**

(213) 232-7916 | SS@jasoningber.com

*Confidentiality Notice: This email and any attachments may contain confidential or privileged information intended only for the recipient. If you are not the intended recipient, please delete the message and notify the sender. Any unauthorized review, use, or distribution is prohibited. Thank you.*

Inbox - Jason Ingber - Outlook

*Paperless Policy: Ingber Law Group operates a paperless office. Please send all correspondence and documents electronically to ji@jasoningber.com and ss@jasoningber.com.*

On Fri, Jan 16, 2026 at 16:45 Jessica Shook <JShook@kslaw.com> wrote:

> Serach,
>
> I just sent an invite for 9 am on Monday.  Let me know if another time in the windows I offered work better.
>
> Have a good weekend.
>
> Jessica
>
> **From:** Jessica Shook
> **Sent:** Friday, January 16, 2026 10:57 AM
> **To:** Serach Shafa <SS@jasoningber.com>
> **Cc:** ji <ji@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
> **Subject:** RE: Kamran - Rule 7-3 conferral
>
> Thanks, Serach.  We are available Monday from 8:30 am to 10:30 am and 12 noon to 1 pm PT. Please let me know which time works best for you and I'll send an invite.
>
> Jessica
>
> **From:** Serach Shafa <SS@jasoningber.com>
> **Sent:** Friday, January 16, 2026 10:36 AM
> **To:** Jessica Shook <JShook@KSLAW.com>
> **Cc:** ji <ji@jasoningber.com>; Madison Kitchens <MKitchens@KSLAW.com>; Yoel Hanohov <yh@jasoningber.com>; PARALEGALS@jasoningber.com
> **Subject:** Re: Kamran - Rule 7-3 conferral
>
> **CAUTION: MAIL FROM OUTSIDE THE FIRM**
>
> Hi, I can meet on Monday.
>
> Serach Shafa

*Partner*

**Ingber Law Group**

(213) 232-7916 | SS@jasoningber.com

*Confidentiality Notice: This email and any attachments may contain confidential or privileged information intended only for the recipient. If you are not the intended recipient, please delete the message and notify the sender. Any unauthorized review, use, or distribution is prohibited. Thank you.*

*Paperless Policy: Ingber Law Group operates a paperless office. Please send all correspondence and documents electronically to ji@jasoningber.com and ss@jasoningber.com.*

On Fri, Jan 16, 2026 at 11:35 Jessica Shook <JShook@kslaw.com> wrote:

Jason and Serach,

Touching base again for our LR 7-3 conferral. Please let me know when you are available between 10 am and 1 pm PT.

Thank you,

Jessica

**From:** Jessica Shook
**Sent:** Thursday, January 15, 2026 5:01 PM
**To:** 'Jason Ingber' <ji@jasoningber.com>; 'Serach Shafa' <ss@jasoningber.com>
**Cc:** Madison Kitchens <MKitchens@KSLAW.com>
**Subject:** RE: Kamran - Rule 7-3 conferral

Jason,

Following up on this, please let me know when you are available tomorrow between 7-8 am PT or 10 am – 1 pm PT.

Thank you,

Jessica

**From:** Jessica Shook
**Sent:** Thursday, January 15, 2026 9:17 AM
**To:** Jason Ingber <ji@jasoningber.com>; Serach Shafa <ss@jasoningber.com>
**Cc:** Madison Kitchens <MKitchens@KSLAW.com>
**Subject:** Kamran - Rule 7-3 conferral

Jason,

As our motion to dismiss is due next Friday, we would like to schedule the LR 7-3 conferral for tomorrow between 7-8 am PT or 10 am – 1 pm PT.  Please let us know when you are available, and I will send an invite.

Thank you,

Jessica

---

**Jessica Shook**

*Partner*

T: +1 312 764 6943 | jshook@kslaw.com | Bio | vCard

King & Spalding LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606

kslaw.com

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.